Paul Andrew Pagano
Moser Law Firm, P.C.
5 E. Main Street
Huntington, NY 11743
(631) 824-0200
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Howard D. Francis

Plaintiff,

Case No.:

*-against-*

MME Group, LLC d/b/a La Fine, Denise A. Tardi, James C. Tardi, Jr., and Michael A. Tardi

Defendants.

Plaintiff Howard D. Francis, by his attorneys, the Moser Law Firm, P.C. hereby files this complaint against Defendants MME Group LLC d/b/a La Fine, Denise A. Tardi, James C. Tardi, Jr. and Michael A. Tardi, and alleges as follows:

## INTRODUCTION

1. This action is brought individually to remedy:

(a) overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended;

(b) overtime violations of the New York Labor Law ("NYLL") and its implementing regulations;

(c) spread of hours violations of the NYLL and its implementing regulations;

(d) wage notice violations under New York Labor Law § 195(1); and

(e) wage statement violations under NYLL § 195(3).

H:F

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 29 U.S.C. § 201, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

## PARTIES

### *Plaintiff*

4. Plaintiff Howard Francis is a natural person who resides in Suffolk County, New York.

### *Defendants*

*MME Group, Inc.*

5. Defendant MME Group, LLC is a domestic limited liability company formed under the laws of the state of New York.

6. At all times relevant, MME Group, LLC did business as La Fine.

7. At all times relevant, Defendant MME Group, LLC d/b/a La Fine operated a restaurant located at 236 Edgemere Street, Montauk, New York in the County of Suffolk.

*Denise A. Tardi*

8. Defendant Denise A. Tardi is a natural person.

9. Defendant Denise A. Tardi resides at 2655 Ellen Road, Bellmore, New York in the County of Nassau.

H.F

*James C. Tardi, Jr.*

10. Defendant James C. Tardi, Jr. is a natural person.

11. Defendant James C. Tardi, Jr. resides at 2655 Ellen Road, Bellmore, New York in the County of Nassau.

*Michael A. Tardi*

12. Defendant Michael A. Tardi is a natural person.

13. Defendant Michael A. Tardi resides at 3 Frances Lane, Port Jefferson, New York, in the County of Suffolk.

## FACTUAL ALLEGATIONS

14. Plaintiff Howard D. Francis ("Mr. Francis") was employed by MME Group, LLC. ("MME") from approximately May 3, 2018 until April 2019.

15. On My 3, 2018, Mr. Francis signed a letter of intent ("LOI") and an employment agreement ("Agreement") with MME.

16. Mr. Francis held the title of Sous Chef.

17. The LOI provided that Mr. Francis would be paid $1,600 per week and described his work schedule as "(6) day work week (10-12) hour shifts" and "requir[ing] working long and perhaps erratic hours."

18. The Agreement provided that Mr. Francis would be paid $1,500 per week and stated that his work schedule would be 6-7 days a week.

19. In fact, during Mr. Francis' employment with MME, his regular schedule was from 10 or 11 am to 10 or 11 pm, six days a week.

20. Mr. Francis was scheduled to work at least 72 hours per week during peak season (from May through November). However, his actual work hours often exceeded 72 hours per

H:F

week. At times, he was required to prepare breakfast and would sometimes work 15-hour days. In addition, on his days off, he was sometimes required to report to work as needed by MME.

21. When Plaintiff worked fewer than forty hours per week, he was not paid his full salary.

22. For example, for the pay period ending April 7, 2019, MME paid Mr. Francis a salary of $600.00.

23. For another example, for the pay period ending April 21, 2019, MME paid Mr. Francis a salary of $1,000.

24. Defendants never paid the plaintiff time and one half his regular rate of pay for hours worked in excess of 40 hours in a given workweek.

25. The Defendants did not pay the Plaintiff an additional hour at the minimum wage on each workday in which the Plaintiff's spread of hours exceeded 10.

26. The Defendants did not furnish to the plaintiff a wage notice within ten days of the date of hire as required by NYLL § 195(1).

27. The Defendants did not furnish wage statements containing the Plaintiff's regular rate of pay, overtime rate of pay, regular hours worked, and overtime hours worked as required by NYLL § 195(3).

28. Defendants were Mr. Francis' employers within the meaning of the FLSA and the NYLL.

29. Mr. Francis was Defendants' employee within the meaning of the FLSA and the NYLL.

H:F

30. In 2018 and 2019, MME's employees handled food, pots, pans, cooking equipment, silverware, plates, cleaning supplies, linens, and other goods and materials that had been manufactured, grown, or produced outside of the State of New York.

31. In 2018 MME's gross annual revenue exceeded $500,000.00.

32. In 2019 MME's gross annual revenue exceeded $500,000.00.

33. Defendant Michael A. Tardi is the Chief Executive Officer of MME.

34. Defendant Michael A. Tardi was the Chief Executive Officer of MME for the period during which Mr. Francis was employed.

35. Defendant Michael A. Tardi hired the Plaintiff.

36. Upon information and belief, Michael A. Tardi is a shareholder of MME.

37. Upon information and belief, Michael A. Tardi was a shareholder of MME during the time period that Mr. Francis was employed.

38. Defendant Michael A. Tardi had the power to hire and fire the Plaintiff, supervised and controlled the work schedules and conditions of employment, determined the rate and method of pay, and maintained records of employment.

39. Upon information and belief, Defendant Michael A. Tardi exercised sufficient operational control over MME to be deemed the employer of the Plaintiff.

40. Upon information and belief, Denise A. Tardi is a shareholder of MME.

41. Upon information and belief, Denise A. Tardi was a shareholder of MME during the time period that Mr. Francis was employed.

42. Defendant Denise A. Tardi had the power to hire and fire the Plaintiff, supervised and controlled the work schedules and conditions of employment, determined the rate and method of pay, and maintained records of employment.

H:F

43. Defendant Denise A. Tardi managed the day-to-day operations of MME during the time period that the Plaintiff was employed by MME.

44. Upon information and belief, Defendant Denise A. Tardi exercised sufficient operational control over MME to be deemed the employer of the Plaintiff.

45. Upon information and belief, James C. Tardi, Jr. is a shareholder of MME.

46. Upon information and belief, James C. Tardi, Jr. was a shareholder of MME during the time period that Mr. Francis was employed.

47. Defendant James C. Tardi, Jr. had the power to hire and fire the Plaintiff, supervised and controlled the work schedules and conditions of employment, determined the rate and method of pay, and maintained records of employment.

48. Upon information and belief, Defendant James C. Tardi, Jr. exercised sufficient operational control over MME to be deemed the employer of the Plaintiff.

49. Defendant James C. Tardi, Jr. managed the day-to-day operations of MME during the time period that the Plaintiff was employed by MME.

**FIRST COUNT**

*Overtime Wages under the Fair Labor Standards Act*

*29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

50. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

51. Defendant MME was an enterprise engaged in commerce under 29 U.S.C. § 203 for the period including January 1, 2018 through December 31, 2019.

52. Defendants MME, Michael A. Tardi, Denise A. Tardi and James C. Tardi, Jr. are each an employer within the meaning of 29 U.S.C. § 203.

H: F

53. Defendants MME, Michael A. Tardi, Denise A. Tardi and James C. Tardi, Jr. employed the Plaintiff.

54. Plaintiff is an employee within the meaning of 29 U.S.C. § 203.

55. Defendants were required to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

56. Defendants failed to pay Plaintiff the overtime wages to which he is entitled.

57. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

58. As a result, Plaintiff has been damaged in an amount to be determined at trial including, but not limited to, unpaid wages, liquidated damages, interest, and attorneys' fees, costs and disbursements.

**SECOND COUNT**

*Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq.*

*(NYLL § 663 and 12 N.Y. Compilation of Codes, Rules, and Regulations § 146-1.4)*

59. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

60. Plaintiff was an employee within the meaning of New York Labor Law § 2.

61. Defendants are each an employer and employed the Plaintiff within the meaning of New York Labor Law § 2.

62. Defendants were required to pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

H: F

63. Defendants failed to compensate the Plaintiff the overtime wages to which he is entitled.

64. Defendants have willfully violated the NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations specifically 12 NYCRR § 146-1.4

65. As a result, Plaintiff has been damaged in an amount to be determined at trial including, but not limited to, unpaid wages, liquidated damages, interest, and attorneys' fees, costs and disbursements.

**THIRD COUNT**

*Spread of Hours Pay Pursuant to 12 NYCRR § 146-1.6.*

66. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendant failed to pay the Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day in which the Plaintiff's spread of hours exceeded 10.

68. Defendants have willfully violated the NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations specifically 12 NYCRR § 146-1.6.

69. As a result, Plaintiff has been damaged in an amount to be determined at trial including, but not limited to, unpaid wages, liquidated damages, interest, and attorneys' fees, costs and disbursements.

**FOURTH COUNT**

*Wage Notice Violations Under NYLL § 195(1)*

70. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

H.F

71. Pursuant to NYLL §§ 195(1) and 198, Defendants were required to furnish to the Plaintiff a wage notice within 10 days of hiring.

72. Defendants did not furnish a wage notice to the Plaintiff as required.

73. As such, Plaintiff is entitled to damages in the amount of $5,000

**FIFTH COUNT**

*Wage Statement Violations Under NYLL § 195(3)*

74. The Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

75. Defendants were required to furnish to the Plaintiff a statement with every payment of wages, stating whether the Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or otherwise.

76. "For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." NYLL § 195(3).

77. The Defendants failed to furnish wage statements containing the Plaintiff's regular hourly rate, the overtime rate, the number of regular hours worked, and the number of overtime hours worked.

78. As such, Plaintiff is entitled to damages in the amount of $5,000.

H.F

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the FLSA and NYLL;

B. Liquidated damages in an amount equal to unpaid overtime pay under the FLSA;

C. Liquidated damages in an amount equal to unpaid overtime wages under the NYLL:

D. Unpaid spread of hours pay, and an amount equal to unpaid spread of hours pay as liquidated damages under the NYLL:

E. For wage notice violations, $5,000.00 in civil damages;

F. For wage statement violations, $5,000 in civil damages;

G. Reasonable attorney's fees and costs of the action;

H. Prejudgment interest; and

I. Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
October 21, 2020

Respectfully submitted,
MOSER LAW FIRM, P.C.

Paul Pagano

By: Paul A. Pagano
5 E. Main St.
Huntington, NY 11743
(631) 824-0200
paul.pagano@moserlawfirm.com
*Attorney for Plaintiff*

H:F

**Consent Form**

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* against my former employer(s) MME Group, LLC d/b/a La Fine, Denise A. Tardi, James C. Tardi, Jr., and Michael A. Tardi to secure any relief that may be awarded, including unpaid wages, liquidated damages, attorneys' fees and costs, and other relief arising out of my employment with the foregoing entity and individuals.

2. I did not receive wages at the rate of one and one-half times my regular wage for the overtime hours I worked during my employment with Defendants.

3. I authorize Moser Law Firm, P.C. to represent me in this case.

Date: 10-23-2020

[signature]
Signature

HOWARD FRANCIS
Print Name

H.F